IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Joseph Eric Frye,<br><br>        Plaintiff,<br><br>vs.<br><br>Aetna Health Plans,<br>a/k/a Aetna Health, Inc.,<br><br>        Defendant. | C/A No. 3:12-cv-01785-JFA<br><br><br>**TEMPORARY<br>RESTRAINING ORDER** |

In this declaratory judgment action, Defendant Aetna Health Plans, a/k/a Aetna Health, Inc., ("Aetna") has filed a motion for a temporary restraining order and preliminary injunction. ECF No. 44. Specifically, Aetna asks the court to enjoin Plaintiff Joseph Eric Frye ("Frye"), attorney T. Jeff Goodwyn, Jr., and the Goodwyn Law Firm, LLC, from disbursing funds received as a result of Frye's worker's compensation claim before the South Carolina Worker's Compensation Commission ("Commission") in an amount up to Aetna's reimbursement interest, $314,353.66. Upon consideration of the complaint, the motion, as well as the memorandum in support of the motion, the court grants the motion for a temporary restraining order.

The court makes the following findings of fact and conclusions of law:

**I.      Findings of Fact**

1.      Frye is a citizen and resident of Richland County, South Carolina. Frye was an employee of Jim Whitehead Tire Services, Inc., on January 15, 2010, when he was injured in an automobile accident.

2.      Aetna is a foreign corporation doing business in South Carolina that provides group health insurance plans to employers, including Jim Whitehead Tire Services.

3. Aetna issued a policy to Jim Whitehead Tire Services to provide group health insurance benefits to its employees, and the policy was in effect at the time of Frye's accident.

4. Aetna has paid more than $300,000 under the policy and has asserted a lien, relying on policy language, against funds received as a result of a worker's compensation claim filed by Frye against Jim Whitehead Tire Services.

5. On May 17, 2012, Frye filed this declaratory judgment action, which Aetna removed to this court. Frye contends that the policy language allowing Aetna to recover funds is unenforceable against Frye because: (a) he never received a copy of the policy and never acknowledged its terms before the accident or benefits being paid; (b) the policy is an adhesion contract; (c) even if the policy is enforceable against Frye, Aetna has no right of recovery because Frye is not seeking a payment from the worker's compensation carrier for identical covered expenses; and (d) the policy was not a bona fide ERISA plan that federal law would control.

6. On October 31, 2012, this court granted the parties' motion to stay the matter pending resolution either of mediation or disposition by the Commission. ECF No. 25.

7. Jim Whitehead Tire Services denied Frye's claim for worker's compensation benefits. Despite denying the claim, Jim Whitehead Tire Services continued settlement negotiations with Frye.

8. While the stay was still in force, the Commission issued an order resolving the workers' compensation claim, and Frye filed a motion to dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. ECF No. 38. Aetna filed a response objecting on the grounds of prejudice. ECF No. 40.

9. Before this court heard oral arguments on Frye's motion to dismiss, Aetna filed its motion for a temporary restraining order and preliminary injunction.

II.     **Conclusions of Law**

In deciding whether to grant injunctive relief, this court must consider four factors: (1) the moving party's likelihood of success in the underlying dispute; (2) whether the moving party will suffer irreparable injury if the court does not issue the injunction; (3) the injury to the non-moving party in the case of an injunction; and (4) the public interest. *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (citing *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 193–95 (1977)). This court separately must consider each factor, which must be "satisfied as articulated." *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013).

Under the four-part test, a temporary restraining order is appropriate here because:

(1)     Aetna has shown a likelihood of success in the underlying declaratory judgment action. By accepting policy benefits, Aetna argues that Frye agreed to abide by all of its provisions and should not be allowed to "pick and choose" among them.

(2)     Aetna has demonstrated a likelihood of irreparable harm if a restraining order is not issued. If the funds obtained by Frye as a result of his worker's compensation claim are not held pending a more permanent resolution, they might be beyond reach if Aetna is entitled to collect.

(3)     The short duration of the restraining order, which will maintain the status quo until Frye files a response, does not raise any likelihood of harm to Frye, T. Jeff Goodwyn, Jr., and the Goodwyn Law Firm, LLC.

(4)     Public interest weighs in favor of granting the temporary restraining order.

Whereas, Aetna has posted a bond with the Clerk of Court in the amount of $50,000 as security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the court hereby:

Prohibits Plaintiff Joseph Eric Frye, his attorney T. Jeff Goodwyn, Jr., and the Goodwyn Law Firm, LLC, and those acting in concert or participating with them, from disbursing or

otherwise dissipating any and all funds received as a result of Frye's worker's compensation claim before the South Carolina Worker's Compensation Commission in an amount up to Aetna's reimbursement interest, $314,353.66.

Any violation of this order may result in contempt of court and subject violators to sanctions that could include a finding of admission of liability in this case, the striking of pleadings in this case, and civil or criminal penalties.

This restraining order shall remain in effect until **5 p.m.**, **December 30, 2013**,[1] unless extended further by court order. The court directs Frye to file any response to Aetna's motion for a preliminary injunction by **December 23, 2013**.

IT IS SO ORDERED.

December 16, 2013　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　  United States District Judge

---

[1] In a telephone conference call on December 16, 2013, Frye's counsel consented to the temporary restraining order running for more than 10 days to avoid the necessity of a hearing during the holiday period.

4