IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Joseph Eric Frye,<br><br>      Plaintiff,<br><br>vs.<br><br>Aetna Health Plans,<br>a/k/a Aetna Health, Inc.,<br><br>      Defendant. | C/A No. 3:12-cv-01785-JFA<br><br><br><br>**PRELIMINARY<br>INJUNCTION** |

In this declaratory judgment action, the court heard oral arguments on December 30, 2013, on whether to extend a temporary restraining order entered on December 16, 2013. ECF No. 52. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant Aetna Health Plans, a/k/a Aetna Health, Inc., ("Aetna") has moved this court to grant a preliminary injunction restraining Plaintiff Joseph Eric Frye ("Frye"), as well as attorney T. Jeff Goodwyn, Jr., and the Goodwyn Law Firm, LLC, (collectively "Goodwyn") from disbursing funds received as a result of Frye's worker's compensation claim before the South Carolina Worker's Compensation Commission ("Commission"). ECF Nos. 44, 56. Upon consideration of the parties' written and oral arguments, the court grants the motion for a preliminary injunction as set forth below.

The court makes the following findings of fact and conclusions of law:

**I.    Findings of Fact**

    1.    Frye is a citizen and resident of Richland County, South Carolina. Frye was an employee of Jim Whitehead Tire Services, Inc., on January 15, 2010, when he was injured in an automobile accident.

2. Aetna is a foreign corporation doing business in South Carolina that provides group health insurance plans to employers, including Jim Whitehead Tire Services.

3. Aetna issued a policy to Jim Whitehead Tire Services to provide group health insurance benefits to its employees, and the policy was in effect at the time of Frye's accident.

4. Aetna has paid more than $300,000 under the policy and has asserted a lien, relying on policy language, against funds received as a result of a worker's compensation claim filed by Frye against Jim Whitehead Tire Services.

5. On May 17, 2012, Frye filed this declaratory judgment action, which Aetna removed to this court. Frye contends that the policy language allowing Aetna to recover funds is unenforceable against Frye because: (a) he never received a copy of the policy and never acknowledged its terms before the accident or benefits being paid; (b) the policy is an adhesion contract; (c) even if the policy is enforceable against Frye, Aetna has no right of recovery because Frye is not seeking a payment from the worker's compensation carrier for identical covered expenses; and (d) the policy was not a bona fide ERISA plan that federal law would control.

6. On October 31, 2012, this court granted the parties' motion to stay the matter pending resolution either of mediation or disposition by the Commission. ECF No. 25.

7. Jim Whitehead Tire Services denied Frye's claim for worker's compensation benefits. Despite denying the claim, Jim Whitehead Tire Services continued settlement negotiations with Frye.

8. While the stay was still in force, the Commission issued an order resolving the workers' compensation claim on October 28, 2013, ECF No. 55–2. The Commission directed Jim Whitehead Tire Services, or its worker's compensation carrier, to pay a total of $350,000.00 in compensation. Excluding attorney's fees and expenses, Frye received $213,770.09. *Id.*

9. Subsequently, Frye filed a motion to dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. ECF No. 38. Aetna filed a response objecting on the grounds of prejudice. ECF No. 40.

10. Before this court heard oral arguments on Frye's motion to dismiss, Aetna filed its motion for a temporary restraining order and a preliminary injunction, as well as a motion to amend the complaint. ECF Nos. 43–44.

11. Lifting the stay on the case, this court heard oral arguments on December 5, 2013, after which it denied Frye's motion to dismiss, granted Aetna's motion to amend its complaint, and granted Aetna's temporary restraining order contingent upon Aetna's posting of a bond with the Clerk of Court in the amount of $50,000 as security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. ECF No. 45.

12. After Aetna posted the bond on December 16, 2013, the court enjoined until December 30, 2013,[1] Frye and Goodwyn from disbursing funds received as a result of Frye's worker's compensation claim in an amount up to Aetna's reimbursement interest, $314,353.66. The court directed the parties to submit briefs on whether to grant a preliminary injunction and reviewed those submissions before the December 30, 2013, hearing.

## II.     Conclusions of Law

In deciding whether to grant injunctive relief, this court must consider four factors: (1) the moving party's likelihood of success in the underlying dispute; (2) whether the moving party will suffer irreparable injury if the court does not issue the injunction; (3) the injury to the non-moving party in the case of an injunction; and (4) the public interest. *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (citing *Blackwelder Furniture Co. v. Seilig Mfg. Co.*,

---

[1] In a telephone conference on December 16, 2013, Frye's counsel consented to the temporary restraining order running for more than 10 days to avoid a hearing during the holidays.

550 F.2d 189, 193–95 (1977)).  This court separately must consider each factor, which must be "satisfied as articulated."  *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013).

After careful consideration of the four-part test and the facts of this case, this court finds that a preliminary injunction is appropriate against Frye[2] because:

(1) Aetna has shown a likelihood of success in the underlying declaratory judgment action.  By accepting policy benefits, Aetna argues that Frye agreed to abide by all of its provisions and should not be allowed to "pick and choose" among them.

(2) Aetna has demonstrated a likelihood of irreparable harm if a preliminary injunction is not issued.  If the funds obtained by Frye as a result of his worker's compensation claim are dissipated pending a permanent resolution, they will be beyond reach if Aetna is entitled to collect.

(3) The short and limited nature of the preliminary injunction, which will hold funds until a permanent resolution, does not raise any likelihood of harm to Frye.

(4) Public interest weighs in favor of granting the preliminary injunction.

Whereas, Aetna has posted a bond with the Clerk of Court in the amount of $50,000 as security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the court hereby:

(1) Prohibits Plaintiff Joseph Eric Frye, and those acting in concert or participating with him, from disbursing or otherwise dissipating ONE HUNDRED SIXTY THOUSAND, THREE HUNDRED TWENTY-SEVEN AND 60/100 DOLLARS ($160,327.60), which equals THREE-FOURTHS (75 percent) of the compensation Frye received as a result of his worker's compensation claim before the South Carolina Worker's Compensation Commission.

---

[2]  At the hearing on December 30, 2013, Aetna agreed that attorney T. Jeff Goodwyn, Jr., and the Goodwyn Law Firm, LLC, were not subject to the injunction.

(2)     Directs Plaintiff Joseph Eric Frye, no later than **January 6, 2014**, to turn over to his attorney T. Jeff Goodwyn, Jr., and the Goodwyn Law Firm, LLC, those same ONE HUNDRED SIXTY THOUSAND, THREE HUNDRED TWENTY-SEVEN AND 60/100 DOLLARS ($160,327.60) to be held in trust.  He shall file a status report by **January 9, 2014**, advising the court on the funds being held in trust.

Any violation of this order may result in contempt of court and subject violators to sanctions that could include a finding of admission of liability in this case, the striking of pleadings in this case, and civil or criminal penalties.

This preliminary injunction shall remain in effect until a permanent resolution of the underlying declaratory judgment action.  The court will amend the scheduling order separately to reflect an abbreviated discovery period agreed to during the hearing on December 30, 2013.

IT IS SO ORDERED.

December 30, 2013                         Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

5